SHAW & AL. vs. THOMPSON.

Shaw & al.
vs.
Thompson.

APPEAL from the court of the fourth district.

If the inferior court discovers that an order given by it is erroneous, it may set it aside.

Defendant cannot call in question, the right of a plaintiff, to a note to which he has *prima facie* the legal title.

PORTER, J. delivered the opinion of the court. This is an action on a promisory note; judgment was given in the court below against the defendant and he appealed.

The case comes up on a bill of exceptions taken to the opinion of the district judge, ordering an interrogatory propounded by the defendant to the plaintiffs to be stricken out, after he had directed that it should be answered. The correctness of this proceeding will be best tested by examining the pertinency and legality of the interrogatory; for we conceive there can be no doubt that if the inferior court discover that an interlocutory order rendered by it, is erroneous or improper, it may correct the error by setting such order aside.

The interrogatory propounded, was whether the plaintiffs, previous to the inception of the suit, had not transferred the note sued on to a third party, and whether they were now owners of the same.

We had occasion to examine and decide this point a few days since, in the case of *Banks* vs. *Eastin. Ante* 291. The argument of-

fered in this, presents no new view of the sub-ject, and we see no reason to change the opinion there expressed. The suit appears to have been brought, by the persons having the legal inte-rest in the instrument sued on. Whether they were the owners or not, was a matter with which the defendant had nothing to do; as the judgment here, formed *res judicata* against any other who might hereafter have claimed an in-terest in it. In the case of *Moore* vs. *Maxwell* & *al. vol,* 2, 249, the plaintiff, by his own shewing, had neither a legal or equitable interest in the note sued on.

It is therefore ordered, adjudged and de-creed, that the judgment of the district court be affirmed with costs.

*Grymes, Watts, and Lobdell,* for the plaintiffs *Dumoulin* for the defendant.